IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GULF ATLANTIC FLOOR SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Case No. CIV-11-1067-M |
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Birmingham Industrial Construction, LLC's ("Birmingham") Motion to Intervene, filed Dec 12, 2011. Gulf Atlantic Floor Systems, Inc. ("plaintiff") filed its objection on January 23, 2012 and Birmingham's reply was filed on January 30, 2012. Based upon the parties' submissions, the Court makes its determination.

I.      INTRODUCTION

Plaintiff, a Mississippi corporation filed this action against North American Specialty Insurance Company ("NASIC") for payment against a Subcontract Payment Bond. Birmingham entered into a subcontract with Gulf South Contractors, Inc. for certain work to be performed on hangar floors at Vance Air Force Base in Enid, Oklahoma. Plaintiff then subcontracted with Birmingham to perform certain labor on the project. Birmingham secured a payment bond for the project through NASIC which provides a right of action for any claimant, not paid in full for work or labor done or performed, or materials furnished in full within ninety (90) days after the date of the last work done or materials furnished.

Birmingham now moves to intervene in the above action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Birmingham contends it is entitled to intervene as a matter of right because (1) it has interests relating to the transaction that is the subject of this action; (2) disposing of this action without permitting Birmingham to intervene would impair and impede its ability to protect these interest; and (3) the

existing parties to this action do not adequately represent Birmingham's interest. Alternatively, Birmingham contends it should be permitted to intervene under Federal Rule of Civil Procedure 24(b)(1)(B) because its claims of breach of contract and negligence share common questions of law and fact with the instant case.

Plaintiff contends it is due and owing $248,669.46 for labor and expenses provided on the project and that its work was completed on October 12, 2010, more than 90 days prior to the filing of the underlying lawsuit. Plaintiff contends the payment bond secured by Birmingham for the project in essence guaranteed payment to sub-contractors, such as plaintiff, if they were not paid in full within ninety (90) days after the date of a claimant's work. Plaintiff contends Birmingham should not be allowed to intervene in this lawsuit because Birmingham's proposed breach of contract and negligence causes of action involves different facts, different issues, different law, different discovery, and different damages from this lawsuit.

## II. DISCUSSION

### A. Intervention of Right

Rule 24(a) provides:

> **Intervention**
>
> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>     *     *     *
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Rule 24(a) establishes four requirements for intervention of right: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the applicant's ability to protect his interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001). The Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Id.* (internal quotations and citation omitted). "[T]he factors mentioned in the

Rule are intended to capture the circumstances in which the practical effect on the prospective intervener justifies its participation in the litigation. Those factors are not rigid, technical requirements." *San Juan County, Utah v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007). "Intervention should be granted of right if the interests favoring intervention outweigh those opposed." *Id.*

Birmingham contends it should be allowed to intervene as a matter of right because its motion is timely and it has cognizable interests in the subject matter of this action that may be impaired if not allowed to intervene. Specifically, Birmingham contends because its negligence and breach of contract claims against plaintiff and thus its obligation to pay plaintiff are related to the work performed by plaintiff on the hanger project its ability to pursue said claims will be impaired if not allowed to intervene in this action. Plaintiff contends Birmingham's negligence and breach of contract claims are different from those presented in the instant lawsuit and should be resolved separately. Plaintiff contends the underlying action is simply seeking payment under a payment bond issued by NASIC and that Birmingham has no interest in the subject matter of this lawsuit, the bond proceeds.

Under Rule 24(a)(2), Birmingham must "claim[] an interest relating to the property or transaction that is the subject of the action." "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *San Juan County*, 503 F.3d at 1195 (internal quotations and citation omitted).

Upon review of the Subcontract Payment Bond the Court finds Birmingham as the principle or provider and NASIC as the surety, jointly and severally guaranteed payment for labor, materials and equipment furnished or used in the performance of plaintiff's subcontract with Birmingham. The Bond does not require Birmingham to be a named party to any claim or litigation. Plaintiff, as a subcontractor has elected to bring this action naming the surety NASIC only. Birmingham now seeks to include in this lawsuit for bond proceeds allegations of breach of contract and negligence relative to the contract between Birmingham and plaintiff for work done on the project. In the instant action plaintiff seeks payment under the Subcontract

Payment Bond, a totally separate contract from the contract between Birmingham and plaintiff for work on the project. Birmingham's breach of contract and negligence claims against plaintiff have no bearing or reference in the Subcontract Payment Bond. Because Birmingham's breach of contract and negligence claims reference a separate contract Birmingham's interest in those claims are not effected by this lawsuit. The Court, therefore, finds that Birmingham has not satisfied the interest requirement and is not entitled to intervene as of right pursuant to Rule 24(a)(2).

    B.    <u>Permissive Intervention</u>

Birmingham also contends alternatively it should be allowed to permissibly intervene pursuant to Fed. R. Civ. Pro. 24(b)(1). Rule 24(b)(1) provides:

> **Permissive Intervention.**
>
> **(1)** ***In General.*** On timely motion, the court may permit anyone to intervene who:
>
>     **(A)**    is given a conditional right to intervene by a federal statute; or
>
>     **(B)**    has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. 24(b)(1).

Specifically, Birmingham contends its claims and defenses against plaintiff share common questions of law and fact with the instant action. As previously noted Birmingham's negligence and breach of contract claims relate not to the Subcontract Payment Bond herein but rather to a totally separate contract Birmingham entered into with plaintiff to perform work on certain hangar floor projects. The instant lawsuit seeks payment on a Subcontract Payment Bond only. Additionally, upon review of NASIC's answer filed herein, NASIC the surety does not allege negligence or a breach of Birmingham's contract with plaintiff as a defense. For the above reasons, the Court finds Birmingham should not be allowed to permissively intervene pursuant to Fed. R. Civ. Pro. 24(b)(1).

III.     CONCLUSION

For the reasons set forth above, the Court DENIES Birmingham Industrial Construction, LLC's Motion to Intervene [docket no. 13].

**IT IS SO ORDERED this 1st day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE